Burns v. Burns.

## WAIVER—AFFIDAVITS OF BIAS AND PREJUDICE.

[Hamilton (1st) Circuit Court, January 27, 1905.]

Giffen, Jelke and Swing, JJ.

### CARRIE BURNS V. GEORGE W. BURNS.

PARTY DEEMED TO HAVE WAIVED AFFIDAVIT OF BIAS AND PREJUDICE BY ATTORNEY'S WAIVER, ETC.

A party to an action will be deemed to have waived an affidavit of bias and prejudice filed by her against the trial judge, when she stands by, and without objection or protest allows her attorney to state in open court that the affidavit was waived, that the case would be tried to the judge on the facts, and that he would not agree to appear in the case until his client consented to waive the affidavit.

ERROR to Hamilton common pleas court.

Allen Andrews, for plaintiff in error:

Laning R. L. 876 (R. S. 550) disqualifies a judge to sit in a case when an affidavit has been filed by a party setting forth the fact of bias and prejudice or disqualification. *State* v. *Shaw,* 43 Ohio St. .324 [1 N. E. Rep. 753]; *State* v. *Wolfe,* 6 Circ. Dec. 118 (11 R. 591).

Where the judge is disqualified to sit in a case, such disqualification cannot be waived by even the consent of the parties. *Oakley* v. *Aspinwall,* 3 N. Y. (3 Comst.) 547; *Chambers* v. *Hodges,* 23 Tex. 104; *Dallas* v. *Peacock,* 89 Tex. 58 [33 S. W. Rep. 220]; *Hibbard* v. *Odell,* 16 Wis. 633; *Hall* v. *Thayer,* 105 Mass. 219; *Taylor* v. *Worscester Comrs.* 105 Mass. 225; *Moses* v. *Julian,* 45 N. H. 52 [84 Am. Dec. 114]; *Foot* v. *Morgan,* 1 Hill (N. Y.) 654; *Edwards* v. *Russell,* 21 Wend. 63; *Converse* v. *McArthur,* 17 Barb. 410; *White, Estate of,* 37 Cal. 190; *Newcome* v. *Light,* 58 Tex. 141 [44 Am. Rep. 604]; 3 Am. & Eng. Enc. Law (2 ed.) 345, 353, 356, 357; *Jenkins* v. *Gillespie,* 18 Miss. (10 Smed. & M.) 31 [48 Am. Dec. 732]; *Wabash, St. L. & P. Ry.* v. *McDougall,* 126, Ill. 111 [18 N. E. Rep. 291; 9 Am. St. Rep. 539]; *Dickerson* v. *Hodges,* 43 N. J. Eq. 45 [10 Atl. Rep. 111]; *Howe* v. *Lawrence,* 22 N. J. Law (2 Zab.) 99; *Clark* v. *Randall,* 9 Wis. 135 [76 Am. Dec. 252]; 4 Cyc. 535; *Warwick* v. *Marlatt,* 25 N. J. Eq. 188; *Spaulding* v. *Allen,* 10 Circ. Dec. 397 (19 R. 608).

C. W. Baker, for defendant in error.

## PER CURIAM.

The plaintiff in error claims that the trial judge had no jurisdiction of the case, for the reason that she had, prior to the day of trial, filed an affidavit to the effect that the judge was prejudiced against her.

Upon the day of trial she appeared with her counsel, who stated to the court in her presence:

"That he wished it distinctly understood that he was not going to have any more nonsense about the previous attempt at swearing the judge off the bench by reason of the affidavit filed January 8 by the defendant, but that all that was waived by the defendant through him, her counsel, as well as were the affidavits that had been filed swearing Judge Smith off the bench by Mrs. Burns, and that he and his client proposed to try the case on the facts to Judge Smith then and there."

He also stated:

"That he would not agree to appear in the case and act as counsel for Mrs. Burns until Mrs. Burns agreed and consented to waive the affidavit that she had filed swearing Judge Smith off the bench, and agreed to submit the case to Judge Smith for trial and determination."

This is not a waiver by counsel only, but is in fact a waiver by the party herself, and the authorities cited by counsel for plaintiff in error are not in point.

We may well conclude from this statement that the plaintiff in error was then advised that the facts set forth in the affidavit were not true and that she had therefore consented to submit her case to the judge before whom it had been set.